■ FINANCE INVESTMENT COMPANY (BERMUDA) LIMITED et al., Appellants, v ROBERT M. GOSSWEILER, Respondent, et al., Defendant.—In an action, *inter alia,* to recover damages and for injunctive relief based upon theories of conversion and unfair competition, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 6, 1988, which denied their motion to hold the defendant Gossweiler in contempt for selling certain real property at a private sale after an order of attachment had been issued and notice of attachment had been filed against the property.

Ordered that the order is affirmed, without costs or disbursements.

An order of attachment against the defendant Gossweiler's real property to secure the sum of $250,000 was issued on April 1, 1987, and the notice of attachment was filed on April 8, 1987. Gossweiler subsequently sold the property on July 14, 1987, and tendered a check to his attorney in the sum of $250,000 which was placed in a separate escrow account. The plaintiffs only became aware of the sale on October 22, 1987, and moved to hold Gossweiler in criminal as well as civil contempt alleging that the sale of the property which was the subject of the attachment was a violation of orders of the court.

As an order of attachment does not bar sale of the attached property, Gossweiler did not violate any court order when he sold the property. Since the plaintiffs have failed to establish that Gossweiler violated any lawful order of the court and that they have been prejudiced by this sale, the court's denial of the contempt motion was proper (see, Matter of McCormick v Axelrod, 59 NY2d 574, 583). Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.