■ NYCTL 1998-1 TRUST et al., Respondents, v CARAJO HOLD-
ING CORPORATION, Appellant, et al., Defendants. WILLIAMSBURG
CHRISTIAN CHURCH, Intervenor-Respondent. [823 NYS2d 437]—

In an action to foreclose a tax lien, the defendant Carajo Hold-
ing Corporation appeals from an order of the Supreme Court,
Kings County (G. Aronin, J.), dated December 13, 2004, which
denied its motion to vacate a judgment of foreclosure and sale
dated December 2, 2002, entered upon its default in answering
the complaint, to vacate and rescind the public auction sale, and
to vacate and rescind the referee's report of sale.

Ordered that the order is affirmed, with one bill of costs to
the respondents appearing separately and filing separate briefs.

In a prior action the Kings County District Attorney's office
obtained a criminal court order of attachment and temporary
restraining order (hereinafter the TRO) on property owned by
the defendant Carajo Holding Corporation (hereinafter Carajo
Corp.). Ernest J. Varacalli is the principal of Carajo Corp. The
TRO enjoined Varacalli and Carajo Corp., as well as numerous
other named individuals and corporations, from transferring,
wasting, encumbering, or dissipating the property. It did not
enjoin any party in the present action other than Carajo Corp.

The plaintiffs subsequently purchased an unpaid tax lien on
the subject property. They commenced this action against,
among others, Carajo Corp., by service of a summons and
complaint upon the Secretary of State pursuant to Business
Corporation Law § 306. The plaintiffs obtained a judgment of
foreclosure and sale against Carajo Corp. upon its default in
answering the complaint. The property was subsequently sold
at a public auction and later assigned to the Williamsburg Chris-
tian Church (hereinafter the intervenor).

Carajo Corp. moved to vacate the judgment of foreclosure and
sale solely on the ground that the TRO barred the sale of the
property. The Supreme Court denied the motion. We affirm.

Contrary to Carajo Corp.'s contention, the Supreme Court did
not improperly act as an appellate court, and did not violate the
TRO in the prior action by directing the sale of the property in

question at the foreclosure sale. The TRO did not bar the sale or transfer of the property by anyone except the parties named in the prior action (*see Finance Inv. Co. [Bermuda] v Gossweiler,* 145 AD2d 462 [1988]). Since there is not even an allegation that the plaintiffs, the City of New York, or the intervenor were named in, or served with, the TRO, it was inapplicable to them by its own terms.

Carajo Corp.'s remaining contentions are raised for the first time on appeal and are not properly before this Court (*see Beneficial N.Y. v McGovern,* 207 AD2d 369, 370 [1994]; *cf. Jones v Flowers,* 547 US —, —, 164 L Ed 2d 415, 425 [2006]). Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.